UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA GRAY, <br> as next friend of minor child D. E.., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case Number 06 – 144 (RMU) <br> ) <br> ) <br> ) |

### DEFENDANT'S MOTION TO DISMISS

Comes now defendant, District of Columbia, by and through counsel, and moves this Court to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12 (b)(6). The grounds for defendant's Motion to Dismiss are set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842

January 24, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BARBARA GRAY, as next friend of minor child D. E.., et al., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Case Number 06 – 144 (RMU) |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant. | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES

### Procedural Statement

On January 27, 2006, plaintiffs filed the instant Complaint, seeking reimbursement for attorney's fees from the District of Columbia, pursuant to the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. Sec. 1400, *et* seq., 28 U.S.C. Sec. 1331, and 42 U.S.C. Sec. 1983. Sixty five plaintiffs are named, approximately one third (twenty three) of whom are the Child and Family Services Agency ("CFSA"). Plaintiffs claim that they were prevailing parties in administrative hearings brought pursuant to the IDEA; that they submitted petitions for attorney's fees to the District of Columbia Public Schools ("DCPS"); that the amount requested in each of the fee petitions was greater than $4000.00; that DCPS did not pay any of the plaintiffs above the "fee cap" of $4000.00 set forth in Section 327 of the District of Columbia Appropriations Act of 2005; and, that, therefore, plaintiffs are owed the balance between what they requested and what they have been paid.

# ARGUMENT

I.  **Standard of Review for Dismissal of a Complaint pursuant to Fed. R. Civ. P. 12(b)(6)**

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averments of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987)

II. **To the Extent the Complaint Asserts Rights under Section 1983, Plaintiffs have failed to state a claim for which relief can be granted.**

While IDEA violations can be the predicate for a section 1983 claim based on those statutory violations, plaintiffs' assertion of jurisdiction under 42 U.S.C. Sec. 1983, and the plaintiffs' seeming claims for relief under that statute, are plainly in error. 42 U.S.C. Sec.1983 states:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

In any section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. See, e.g. *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658, 694 (1978); *Daskalea v. District of Columbia,* 227 F.3d 433, 441 (D.C. Cir. 2000)

In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under section 1983 based on an IDEA violation: "(1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3) … plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm … suffered." *Walker v. District of Columbia*, 157 F.Supp.2d 11, 30 (D.D.C. 2001) (Case cites omitted) See also *Jackson v. District of Columbia*, No. 02-0968 (D.D.C. Memorandum Opinion and Order, September 21, 2003); *R.S. et al., v. District of Columbia, et al.,* 292 F. Supp 2d 23 (D.D.C. 2003).

In a 2003 decision, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of that statute. *Jackson v. District of*

*Columbia*, No. 02-0968 (D.D.C. Memorandum Opinion and Order, September 21, 2003) Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id., p. 10.

So here, other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. In fact, this case is a simple complaint for attorney's fees. Plaintiffs acknowledge that the District of Columbia Appropriations Act of 2005 ("Section 327") caps "the fees of an attorney who represents a party in an action … including an administrative proceeding, brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act" at $4,000.00. (Complaint at 50, quoting from 108 Pub. L. 335)  Plaintiffs further acknowledge that they have received up to the fee cap in all cases. (Complaint) at 17-50)  Fee awards under IDEA in the District of Columbia were capped by Congress in an intentional effort to reduce the cost of attorney's fees to the DCPS.  See *Calloway v. District of Columbia,* 216 F.3d 1, 3 (D.C. Cir. 2000); *Johnson v. District of Columbia,* 190 F. Supp 2d 34, 43 (D.D.C. 2002). Defendant can not refuse to obey federal law.  Accordingly, Accordingly, dismissal of any claims based   on Section 1983 is warranted.

**III.     Claims Presented by the CFSA as Plaintiff Must be Dismissed.**

**A.     The CFSA, a named plaintiff, is non sui juris.**

It is clear that for an entity or governmental agency of the District of Columbia to sue or to be sued, such authority must be contained in the respective agency's enabling statute. *Roberson v. The District of Columbia Board of Higher Education,* 359

A.2d 28, 31 n. 4 (D.C. 1979). Specifically, the enabling statute must provide that the agency or entity is empowered to "…complain and defend in its own name in any court of competent jurisdiction." *Kelley v. Morris,* 400 A.2d 1045 (D.C. 1979).

The CFSA is not *sui juris*. The CFSA's enabling statute, D.C. Code Sec. 4-1303.01, *et. seq.* (2001), defines the Agency's powers and responsibilities. The CFSA is not provided with the authority to either complain or defend in its own name in a court of competent jurisdiction. The CFSA therefore is not *sui juris* and has no capacity to appear as a plaintiff herein. See *Kelly v. Morris,* 400 A.2d 1045 (D.C. 1979); *Roberson v. D.C. Board of Higher Education,* 359 A.2d 28 (D.C. 1976). See also attached declaration by Donald Terrell.

### B. CFSA did not authorize its inclusion as a plaintiff in this action.

Even ignoring its lack of capacity to be a Plaintiff, the CFSA is not properly identified as a plaintiff in this action. For neither the District's Office of Attorney General nor the CFSA itself ever authorized the filing of suit in the CFSA's name, or otherwise assented to its participation in this action. Appended hereto is a declaration by the CFSA's General Counsel, Donald Terrell, confirming that fact.[1]

It is beyond dispute that the filing of a suit by an attorney on behalf of a party which has not authorized that action is an extremely serious matter. If nothing else, taking such a step – identifying to the Court as a plaintiff a party that has no knowledge of counsel's action – is a plain breach of Fed. R. Civ. P. 11(b), and Rule 3.3(a)(1) of the District of Columbia Rules of Professional Conduct. That a *District agency* is

---

[1] One week prior to the filing of this motion, undersigned counsel Taptich telephoned Plaintiffs' counsel, left a voicemail identifying this issue, and requested an identification of any individual at CFSA that had authorized counsel to identify CFSA. That inquiry was never responded to.

6

represented to the Court as a plaintiff in an action *against the District* is an even more unfathomable presumption by counsel.

Plainly, for this reason alone – even (incorrectly) assuming that the CFSA had the capacity to be a plaintiff – the claims identified to the CFSA as a plaintiff in this action must be dismissed as unauthorized. But in addition, defendants believe that the Court should ascertain the facts concerning plaintiffs counsel's professional conduct in this regard, and take such remedial actions as may be appropriate.

**IV.    If the Complaint Contemplates a Constitutional Challenge
to the Statutory Fee Cap, the United States Must be Notified,
and Permitted to Participate as a Party in this Action.**

It is unclear whether the Complaint poses questions concerning the constitutionality of the statutory fee cap. The Complaint's jurisdiction section (para. 1) does not itself identify any United States Constitution provisions as the basis for its claims. However, Count 2 of the Complaint (para. 289) asserts that the statutory fee cap "impairs [poor families'] due process protections under the IDEA." And the "Relief" portion of the Complaint (p. 53) requests the Court to find, among other things, that the fee cap "limits access to the due process protections provided by IDEA" (para.A.), that it "amounts to an impermissible violation of a Court's right under Article III to provide effective remedy pursuant to its authority to issue valid and enforceable judgments" (para. C.), and "that the cap impermissibly restricts the separation of powers inherent [sic] between Congress and the Federal Courts" (para. D.).

To the extent the Plaintiffs here challenge the constitutionality of the statutory fee cap, 28 U.S.C. §2403(a) requires the Court to notify the United States Attorney General, and to permit the United States to intervene and to address any such constitutional

7

issue(s).[2] See also Fed. R. Civ. P. 24(a)(1); Thatcher v. Tennessee Gas Trans. Co., 180 F.2d 644, 648 n. 7 (5th Cir. 1950); O'Keefe v. New York City Bd. of Elections, 246 F.Supp. 978, 980 (S.D.N.Y. 1965).

Accordingly, should the Plaintiffs confirm that this action contemplates a constitutional challenge to the Congressional fee cap – and the action is not first dismissed for other reasons – the Court should require the filing of an amended complaint specifying the precise nature of any such constitutional challenge(s), and should issue an appropriate notification to the United States in that regard.

## Conclusion

The Complaint is indisputably deficient in at least two conspicuous respects:

(1) While referring to 42 U.S.C. Sec. 1983, the Complaint fails to set forth any claims on which relief pursuant to that statute can be granted; on that basis, all claims based on Section 1983 must be dismissed.

(2) The CFSA, a named plaintiff, is *non sui juris*, and did not authorize its inclusion as a plaintiff in this action. For that reason, all claims which identify CFSA a plaintiff must be dismissed.

Moreover, to the extent any claims survive these challenges, and if the Complaint contemplates a constitutional challenge to the statutory fee cap, the United States must be

---

[2] 28 U.S.C. §2403(a):

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

notified and permitted to participate as a party in this action.  For these reasons, this Court should grant the District's motion herein.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General

        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

        /s/ Maria L. Merkowitz
        MARIA L. MERKOWITZ [312967]
        Senior Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, DC 20001
        (202) 442-9842
        FAX  -  (202) 727-3625

1/24/2006