UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA GRAY, *ex rel.,* D.E., *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-144 (RMU) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiffs, by and through counsel, and respectfully moves this Court to deny the Defendant's Motion to Dismiss.

**BACKGROUND**

The Plaintiffs consist of both parents who sought legal counsel for assistance with the special education needs of their children, and children who are wards of the District of Columbia. The undersigned attorneys and other members of their firm were appointed by the District of Columbia Superior Court to act as the educational advocate, or guardian for educational purposes, for the Plaintiffs who are wards of the District of Columbia.

The Plaintiffs commenced this action due to unpaid attorneys' fees by the District of Columbia Public Schools ("DCPS"). All of the Plaintiffs named filed for a due process hearing based on violations by DCPS of the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. §§ 1400 *et seq.* Each of the Plaintiffs were the prevailing parties at the due process hearing, and, as such, sought payment of attorneys' fees, pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(B). Plaintiffs submitted invoices to DCPS for payment of attorneys' fees.

Section 327 of the District of Columbia Appropriations Act of 2005 ("Section 327" or "cap") caps the amount of attorneys' fees that the District of Columbia can pay out of the 2005 appropriated funds at $4,000.00. Some invoices were paid in full, and those invoices are not the subject of the instant lawsuit. Some invoices were not paid at all, even up to the $4,000.00 cap, and those invoices are the subject of a related lawsuit. *See Bowman v. District of Columbia*, Civil Action No. 06-0016 (RMU). Other invoices were only paid up to the $4,000.00 cap. Considering the significant expense that it takes to bring a case to an IDEA due process hearing and prevail, the Plaintiffs filed the instant suit to recover the fees over the $4,000.00 cap and to challenge the validity of Section 327.

The Defendant now moves this Court to dismiss the Plaintiffs' action. However, as outlined below, the Plaintiffs respectfully request this Court to deny the Defendant's Motion to Dismiss.

## ARGUMENT

**I.     Standard of Review**

*Haynesworth v. Miller* states that a court should grant a motion to dismiss only when it appears beyond doubt that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. 820 F.2d 1245, 1254 (D.C. Cir. 1987). Furthermore, the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. *Id*. When considering a motion to dismiss, the court should liberally construe the complaint in the plaintiff's favor, and the court should grant to the plaintiff the benefit of all inferences that can be derived from the facts alleged, except bare conclusions of law or sweeping and unwarranted averments of facts. *Kowal v. MCI*

*Communications Corp.*,16 F3d 1271, 1276 (D.C. Cir. 1994).

**II.     The Complaint Should Not be Dismissed Based on Fed. R. Civ. P. 12(b)(1), Because this Court has Subject Matter Jurisdiction.**

The Defendant seeks dismissal based on, *inter alia*, Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction. This Court has subject matter jurisdiction over the Plaintiffs' claims. First, this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331, which grants original jurisdiction to the United States District Courts over civil actions arising from federal law. The IDEA is a federal law. Secondly, the IDEA itself grants this Court jurisdiction to hear claims involving attorneys' fees. *See* 20 U.S.C. § 1415(i)(3).

**III.    The Section 1983 Claims Should Not Be Dismissed Based on Fed. R. Civ. P. 12(b)(6), Because Plaintiffs Do Not Fail to State a Claim upon which Relief can be Granted.**

The Defendant's Motion serves only to blur the specific legal issue posed by the Complaint. The Defendant lays out the four-part test from *Walker v. District of Columbia,* 157 F. Supp. 2d 11, 30 (D.D.C. 2001), which is needed to prove that compensatory damages are warranted. The Plaintiffs, however, are not seeking compensatory damages under Section 1983. Thus, the four-prong test of the 2001 *Walker* case does not apply to the instant case. Rather, Plaintiffs' Section 1983 claim meets the requirements to survive a motion to dismiss. "As in any Section 1983 action brought against a municipality, the burden is on the plaintiffs in this case to establish that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations." *Walker v. District of Columbia,* 969 F. Supp. 794, 797 (D.D.C. 1997) (citing *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978)). The

Plaintiffs' Complaint (amended on February 23, 2006) sets out a custom or practice behind the IDEA violations that are the basis of the Section 1983 claim, non-payment of attorneys fees to prevailing parties at IDEA hearings.

While citing to an unpublished opinion, *Jackson v. District of Columbia,* No. 02-0968 (D.D.C. Memorandum Opinion and Order, September 21, 2003), to argue that the Plaintiffs' Complaint is insufficient, the Defendant ignores *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000), as well as the lengthy facts set out in the Complaint, which outline a custom or practice of non-payment and non-recognition of owing fees by DCPS. In *Sparrow,* the District of Columbia Circuit Court stated, "[C]omplaints need not plead law or match facts to every element of a legal theory." 216 F.3d at 1115 (citations omitted). The Circuit Court further stated, "we rejected the district court's conclusion that plaintiff's complaint was deficient because it 'failed to identify a specific custom, policy statement, or procedure that caused his injuries,' and otherwise 'failed to state facts supporting' its allegations." *Id.* at 1115. The Circuit Court, however, agreed that "a section 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom." *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996). The DCPS custom or practice is evident by the facts in the Complaint that layout over 200 paragraphs of a custom or practice of non-payment of attorneys fees over $4,000.00 and non-recognition that DCPS owes this money to the Plaintiffs, regardless of the ability to actually pay. The filing of Defendant's instant Motion to Dismiss is further evidence of the pattern or practice of DCPS not acknowledging that they owe these fees. Thus, the Complaint is sufficient to sustain the Section 1983 allegations and survive the Defendant's Motion to Dismiss. Furthermore, if the Plaintiffs' Section 1983 claim is successful, the Plaintiffs seek an

award of attorneys fees pursuant to 42 U.S.C. § 1988.

The fee cap contained in Section 327 specifically limits "the funds contained in this Act," which is the District of Columbia Appropriations Act of 2005.  108 Pub. L. 335.  Thus, the Section 327 fee cap provision only applies to appropriated funds.  The fee cap limits the amount the District of Columbia can *pay* out of its *appropriated funds* for payment of attorneys' fees in IDEA cases. Section 327 does not limit the amount of attorneys' fees that courts can award. "[T]he D.C. Circuit has held that courts can still award attorneys' fees above the statutory cap despite DCPS's lack of authority to pay them."  *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 23 (D.D.C. 2004) (citing *Calloway v. District of Columbia*, 216 F.3d 1, 9 (D.C. Cir. 2000). Furthermore, Section 327 does not limit payment of attorneys' fees from sources other than appropriated funds.  Thus, the Plaintiffs seek that this Court require the District of Columbia to pay attorneys' fees over the $4,000.00 cap out of funds available that are not appropriated.

It is worth noting that the Defendant is also incorrect in its statement that "Plaintiffs further acknowledge that they have received up to the fee cap in all cases."  (Motion to Dismiss at 5.)  Rather, had the Defendant read the Complaint, it is obvious that there are cases in which the Plaintiffs have not received payment at all or have only received partial payment.  (*See, e.g.,* Amended Complaint at ¶¶ 14, 18, 70, 98, 158, 186, 282.)  The payments not received below the $4,000.00 are being sought in the related case *Bowman v. District of Columbia*, Civil Action No. 06-0016 (RMU)**.**

IV. **Defendant's Arguments Regarding CFSA are Moot, Because CFSA is No Longer a Party to this Action.**

The Defendant's arguments regarding CFSA as a party are now moot, because an Amended Complaint was filed on February 23, 2006, removing CFSA as a party. Pursuant to Fed. R. Civ. P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." The Plaintiffs' filed the Amended Complaint before any responsive pleading was filed by the Defendant. Plaintiffs' counsel did not include CFSA as a party with the intention of filing an unauthorized claim on CFSA's behalf. Rather, the Plaintiffs' counsel originally included CFSA as a party, because CFSA is the legal guardian of the minor Plaintiffs who are wards of the District of Columbia, and counsel could not file on behalf of the wards alone because they are minors. After filing the original Complaint, however, Plaintiffs' counsel realized that a conflict existed and diligently filed an Amended Complaint removing CFSA as a party. Since Plaintiffs' counsel represents the minors who are wards of the District of Columbia in their capacity as the court appointed educational advocates, the Amended Complaint lists the educational advocates as Plaintiffs filing on behalf of the minor wards. Therefore, since Plaintiffs filed an Amended Complaint and CFSA is no longer a part of the present action, the Defendant's arguments regarding CFSA are now moot.

V. **A Motion to Dismiss is Not the Proper Avenue to Notify the United States of the Constitutional Challenges to the Fee Cap.**

The Defendant's Motion to Dismiss is not the proper avenue to request that the Court notify the United States of a Constitutional challenge. The Constitutional challenges to the fee cap of Section 327 are laid out clearly in the Plaintiffs' Amended Complaint (*See* Amended

Complaint, Relief ¶¶ C & D.)  The Defendant should have moved this Court to notify the United States pursuant to 28 U.S.C. § 2403(a), not moved for dismissal.[1]

While the Plaintiffs are challenging the Constitutionality of the Section 327 fee cap, it is not the only issue presented in the Amended Complaint.  The Plaintiffs seek to have this Court determine Section 327 unconstitutional.  The Plaintiffs also seek a determination that DCPS has a pattern or practice of not recognizing that they owe attorney fees over the statutory cap and an order from this Court requiring DCPS to pay the fees owed over the statutory cap out of non-appropriated funds.  Therefore, should this Court determine that Section 327 is not unconstitutional, the Plaintiffs can still prevail in this case.  Furthermore, even if the Court determines that everything in the Defendant's motion is correct, the Plaintiffs' Complaint still survives the Motion to Dismiss based on the IDEA violations.

## CONCLUSION

The Plaintiffs are asserting a Constitutional challenge to the Section 327 fee cap. However, Plaintiffs are also asserting an IDEA violation and a Section 1983 claim stemming from the unpaid fees as laid out in the Amended Complaint.  Additionally, Plaintiffs seek attorneys' fees on the instant case pursuant to 42 U.S.C. § 1988.  The Plaintiffs further seek this Court to require the District of Columbia to pay attorneys' fees over the $4,000.00 cap out of non-appropriated funds.

For the reasons set forth above and the Defendant's failure to prove that no set of facts

---

[1] While Plaintiffs' counsel believes the Amended Complaint specifies the precise nature of the Constitutional challenges, at the request of the Court Plaintiffs' counsel will amend the Complaint again to further clarify the details of the Constitutional challenges.

exist that would justify relief, the Plaintiffs' claims should not be dismissed. Thus, Plaintiffs respectfully request this Court to deny the Defendant's Motion to Dismiss.

DATE: March 7, 2006

Respectfully submitted,
Counsel for Plaintiffs

_____/s/_____
Paul S. Dalton, Esq. (Bar. No. 439118)
DALTON, DALTON & HOUSTON, P.C.

_____/s/_____
Ellen Douglass Dalton, Esq. (Bar. No. 411612)
DALTON, DALTON & HOUSTON, P.C.

_____/s/_____
William E. Houston, Esq. (Bar. No. 450223)
DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300
(703)-739-2323 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 7th day of March, 2006.

_____/s/_____
PAUL S. DALTON, Esq.
Counsel for the Plaintiffs