# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA GRAY, *ex rel.,* D.E., *et al.,* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 06-144 (RMU) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTIONS TO RELATED CASE DESIGNATION

Plaintiffs maintain that this case and *Bowman v. District of Columbia*, No. 06-CV-0016 (RMU), are related pursuant to Local Rule 40.5(a)(3)(ii) and (a)(3)(iii) and should be treated as such by this Court.

The instant case and *Bowman* involve common issues of fact: Plaintiffs in both cases were the prevailing parties at due process hearings under IDEA; invoices were submitted to DCPS for payment of attorneys' fees; and DCPS has failed to provide payment in full on the invoices. The details of the individual representation of each client is inconsequential to the main facts at issue, which are that DCPS has not paid invoices for attorneys' fees submitted by the Plaintiffs.

The Defendant is incorrect in its sweeping assertion that "there is nothing factually common to either the individual claims within each action, or between to [sic] the claims gathered in the two actions." (Def's Notice of Filing Objection at 1-2.) If the Defendant had actually taken the time to read the complaint in *Bowman* and the complaint underlying this case, the Defendant would have realized that there are in fact six (6) plaintiffs in both cases whose

specific set of facts overlap in each case. The claims of these plaintiffs in the instant case arise from the same exact events or transactions as their claims in *Bowman*. Thus the Defendant is again incorrect in its sweeping assumption that "[e]ach claim in each of the two actions is undeniably based on a *different* 'event or transaction.'" (*Id.* at 2.)

    The basis for Defendant's objection to the Plaintiffs' Notice of Related Cases is simply wrong. The jurisdictional section of both complaints are the same. Further, the relief requested in both complaints is essentially the same, other than a differing monetary amount. It is irrelevant at this point that Counts I and II of the complaint in the instant case are not in the *Bowman* complaint. Both cases involve common issues of fact and grow out of the same events or transactions. Thus, this Court should treat the instant case and *Bowman* as related pursuant to Local Rule 40.5(a)(3).

DATE: March 7, 2006

Respectfully submitted,

Counsel for Plaintiffs

_____/s/_____
Paul S. Dalton, Esq. (Bar. No. 439118)
DALTON, DALTON & HOUSTON, P.C.

_____/s/_____
Ellen Douglass Dalton, Esq. (Bar. No. 411612)
DALTON, DALTON & HOUSTON, P.C.

_____/s/_____
William E. Houston, Esq. (Bar. No. 450223)
DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300
(703)-739-2323 (fax)