UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BARBARA GRAY, <br> as next friend of minor child D. E.., et al., | ) <br> ) |  |
| Plaintiffs, | ) |  |
| v. | ) | Case Number 06 – 144 (RMU) |
| DISTRICT OF COLUMBIA, | ) |  |
| Defendant. | ) |  |

**<u>DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

Comes now defendant, District of Columbia, by and through counsel, and moves this Court to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12 (b)(6). The grounds for defendant's Motion to Dismiss are set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

<u>/s/ Edward P. Taptich</u>
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX - (202) 727-3625

March 10, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA GRAY, as next friend of minor child D. E.., et al., | ) ) ) |
| Plaintiffs, | ) |
| v. | ) Case Number 06 – 144 (RMU) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES

### Procedural Statement

On January 27, 2006, plaintiffs filed a Complaint seeking reimbursement for attorney's fees from the District of Columbia, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400, *et* seq., 28 U.S.C. Sec. 1331, and 42 U.S.C. Sec. 1983. Sixty five plaintiffs were named, twenty three of who were identified as the Child and Family Services Agency ("CFSA"). On February 23, 2006, Plaintiffs filed an Amended Complaint, wherein plaintiffs' attorneys substituted, in most instances, their names for that of the CFSA.

Plaintiffs claim that they were prevailing parties in administrative hearings brought pursuant to the IDEA; that they submitted petitions for attorney's fees to the District of Columbia Public Schools ("DCPS"); that the amount requested in each of the fee petitions was greater than $4000.00; that DCPS did not pay any of the plaintiffs above the "fee cap" of $4000.00 set forth in Section 327 of the District of Columbia

Appropriations Act of 2005; and, that, therefore, plaintiffs are owed the balance between what they requested and what they have been paid.

On February 24, 2006, defendant, District of Columbia, filed a Motion to Dismiss the Complaint. Said Motion was filed after plaintiffs amended their Complaint but before the date of filing was entered in the e-file system. At this time Defendant seeks to incorporate by reference the arguments it proffered in its Motion to Dismiss and to further state as following:

## ARGUMENT

### I. Plaintiffs' counsel are inappropriately named as parties to the lawsuit.

#### A. The initial specification of CFSA as a plaintiff was gratuitous and improper.

In the complaint initially filed, CFSA was identified as the plaintiff for twenty three students. The jurisdiction section of the Complaint stated, in part, that "[e]ach plaintiff is . . . the parent/guardian of a minor child." Initial Complaint, para. 2. In fact, the CFSA was not properly named a plaintiff. Neither the District of Columbia's Office of the Attorney General nor the CFSA itself ever authorized the filing of suit in the CFSA's name, or otherwise assented to its participation in this action.[1] One week prior to the filing of defendant's Motion to Dismiss, the undersigned counsel Taptich telephoned plaintiffs' counsel, left a voicemail identifying the issue, and requested an identification of any individual at the CFSA that had authorized counsel to identify the CFSA. That inquiry was never responded to.

It is beyond dispute that the filing of a suit by an attorney on behalf of a party which has not authorized that action is an extremely serious matter. If nothing else,

---

[1] See the declaration by CFSA's General Counsel, Donald Terrell, appended to defendant's Motion to Dismiss.

taking such a step – identifying to the Court as a plaintiff a party that has no knowledge of counsel's action – is a plain breach of Fed. R. Civ. P. 11(b), and Rule 3.3(a)(1) of the District of Columbia Rules of Professional Conduct.  That a *District agency* is represented to the Court as a plaintiff in an action *against the District* is an even more unfathomable presumption by counsel.  Defendant, District of Columbia, believes that the Court should ascertain the facts concerning plaintiffs counsel's professional conduct in this regard, and take such remedial actions as may be appropriate.

### B. The substitution of plaintiffs' counsel for CFSA is equally improper.

The Amended Complaint filed February 23, 2006, deleted the CFSA as the named plaintiff/next friend for the twenty three students, and substituted new individuals, including counsel, as named plaintiffs.  The jurisdiction section of the Amended Complaint now states that "[e]ach Plaintiff is . . . the parent, guardian *or court appointed educational advocate* of a minor child." (Amended Complaint, para. 2 (emphasis added).

As to some of the twenty three students, the name of a parent (Amended Complaint, paragraphs 100, 128, 164, 172, 188, 208, 224, 228, 244, 260, 268) now appears.  If true, the District of Columbia has no objection to the substitution of a named plaintiff, although it is unclear why those individuals were not identified as a party at the time the original Complaint was filed.

As to the other twelve students, William Houston and Ellen Douglas Dalton, attorneys in the law firm filing this action, now appear as next friend plaintiffs in lieu of CFSA.  The District believes these new substitutions are improper, and that counsel prosecuting this action, nominally under IDEA and 42 U.S.C. §1983, may not simultaneously appear as named plaintiffs.

Initially, it is unclear whether Mr. Houston or Ms. Douglas Dalton have the capacity or authority to appear in this Court as plaintiffs on behalf of the student/wards identified. Indeed, these attorneys recently acknowledged that they "could not file on behalf of the wards alone because they were minors." [2] Their relationship to the individual students appears to grow out of appointments as "educational advocates" by the Family Division of the District of Columbia Superior Court in Neglect and Abuse proceedings. (See Amended Complaint, paras. 24, 32, 76, 96, 104, 136, 148, 184, 200, 204, 212, 264) In all such cases, however, a guardian *ad litem* is appointed by that court to represent the child generally; in some cases, an educational advocate may also (or later) be appointed to deal with educational issues that may arise in that court's deliberations.

However, there is no indication here that the appointment of Mr. Houston or Ms. Douglas Dalton as educational advocates by the Family Court granted any authority for counsel to initiate due process hearings at DCPS, or to independently pursue fee payments in this Court under IDEA. In fact, Rule 42(d) of the Superior Court directs that attorneys fees for time expended pursuant to an appointment are to be submitted to, and paid by, the Superior Court – and subject to the limitations of D.C. Code §16-2326.01.[3]

---

[2] Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss, filed March 7, 2006, p. 6.

[3] Rule 42(d) of the Superior Court's Rules governing Neglect and Abuse Proceeding provides:

> Reasonable compensation for services and related expenses of counsel shall be allowed pursuant to D.C. Code § 16-2326.01. Counsel shall be required to submit a statement of time expended and allowable expenses incurred on the forms provided, which must be signed by a judicial officer before payment can be ordered. A party who has been ordered to pay all or part of his or her attorney's fees pursuant to paragraph (a) shall pay the monies directly to the District of Columbia Courts. Counsel for the party so ordered shall be compensated by the District of Columbia Courts.

D.C. Code § 16-2326.01 provides, in part, as follows:

Further, the Superior Court's Plan for Furnishing Representation in Neglect Proceedings in the District of Columbia ("Plan") – which appears on the Superior Court's website, and is attached hereto as Exhibit 1 – similarly makes clear that that court may, in certain circumstances, appoint "a special education advocate to pursue the child's educational needs," but that those attorneys are "subject to compensation limitations set forth in D.C. Code §16-2326.01" (Plan, pp. 3-4), and that compensation for appointed services is to be addressed to the Superior Court (Plan, pp. 8 *et seq*.). Such provisions are inconsistent with counsel's appearing here as plaintiffs pressing claims for attorneys' fees based on a Superior Court "educational advocate" appointment,[4] and raise further questions concerning this Court's jurisdiction to entertain such fee claims in any event.

While the caption of the amended complaint characterizes Mr. Houston and Ms. Douglas Dalton as "next friend" plaintiffs, that assumed relationship can be challenged as

---

> (a)(1) . . . [A]n attorney representing a person who is financially unable to obtain legal counsel in a neglect proceeding or appointed to serve as counsel or guardian ad litem for a child who is the subject of a neglect proceeding shall, at the end of the representation or at the end of a segment of the representation, be compensated at a rate not less than the hourly rates established in D.C. Official Code, sec. 11-2604.
>
>> (2) The attorney may make a claim for expenses reasonably incurred during the course of the representation.
>
> (b) Compensation payable pursuant to this section shall be subject to the following limitations:
>> (1) for all proceedings from initial hearing through disposition, the maximum compensation shall be $1,600;
>> (2) for all subsequent proceedings other than termination of parental rights, the maximum compensation shall be $1,600 per year;
>> . . . .
>
> (c)(1) A separate claim for compensation and reimbursement shall be made to the Superior Court of the District of Columbia for representation before that Court, and to the District of Columbia Court of Appeals for representation before the District of Columbia Court of Appeals.
>> . . . .
>> (4) In cases where representation is furnished other than before the Superior Court of the District of Columbia or the District of Columbia Court of Appeals, claims shall be submitted to the Superior Court of the District of Columbia which shall fix compensation and reimbursement to be paid.

[4] It should be noted that a preliminary review of counsel's invoices indicates that much time for which reimbursement is claimed here was devoted to matters handled before the Superior Court, in some cases, long before the initiation of due process proceedings at DCPS.

not being suitable. Garrick v. Weaver, 888 F.2d 687, 693 (10th Cir. 1989); Hull by Hull v. United States, 53 F.3d 1125, 1127 n. 1 (10th Cir. 1995); T.W. v. Brophy, 124 F.3d 893, 895 (7th Cir. 1997). And indeed it is not proper in this action. First, there is no indication that the students involved are in fact "friendless." In the normal course, the parent, guardian or a responsible relative would appear on their behalf. Indeed, after having first gratuitously represented CFSA to be their "next friend" plaintiffs' counsel subsequently appear to have located and substituted the students' parent as plaintiff for a number of students.

Second, in the Superior Court proceedings relating to the children for whom Mr. Houston and Ms. Douglas Dalton claim next friend plaintiff status, those children had been appointed a guardian *ad litem* by that court; to the extent the child's parent or guardian themselves do not here appear for the child, the guardian *ad litem* would be the next logical representative to appear. Even if counsel's claim of right to appear as "next friend" plaintiff were otherwise proper, such an appearance would not be permissible unless the appointing court disqualified the guardian *ad litem* from representing the child. See Garrick v. Weaver, supra, 888 F.2d at 692-93; Susan R.M. by Charles L.M v. Northeast Independent School District, 818 F.2d 455, 458 (5th Cir. 1987); T.W. v. Brophy, supra, 124 F.3d at 895. And there is no indication that any such disqualification occurred here. See also Fed.R.Civ.P. 17(c) (a minor "who *does not have a duly appointed representative* may sue by a next friend"; emphasis added).

Third, the interests of Mr. Houston and Ms. Douglas Dalton are not those of the minors for whom they seek to appear as sponsoring plaintiffs. In the normal course, a representative of a minor – the parent or guardian – would retain counsel to pursue an

administrative due process hearing at DCPS for the minor, and would be obligated to pay fees for those services. Any ensuing action would be brought by the minor's representative, for reimbursement for services they had commissioned and were responsible for. There is no such circumstance here. The minors here are hardly responsible for the attorneys' fees. And no adult legally responsible for the minor is identified who undertook that obligation. At bottom, while claiming to be next friend representatives of the named minors, the above referenced attorneys seek instead to be plaintiffs in their own right – pursuing their own financial interests, not those of the named minors. And there is no basis for according them that inherently conflicting status.

### C. Rule 3.7 of the D.C. Rules of Professional Conduct prohibits a lawyer from acting as an advocate at trial in which he is a likely witness.

Even ignoring all other infirmities, proceeding with lawyers in the same firm acting as both plaintiffs and counsel violates the Rules of Professional Conduct. Rule 3.7 provides, in pertinent part, that:

> (a)  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where;
>     (1)  The testimony relates to an uncontested issue;
>     (2)  The testimony relates to the nature and value of legal services rendered in the case; or
>     (3)  Disqualification of the lawyer would work substantial hardship on the client
> (b)  A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness . . . .

In this case, if the claims as to which Mr. Houston and Ms. Douglas Dalton appear as plaintiffs are not dismissed, both will be subject to immediate discovery unrelated to "the nature and value of legal services rendered" – the only arguable exception to Rule 3.7 here. Rather, they will be examined, among other things, on the

documents and details relating to (1) their appointment, and the scope of their appointment, by the Superior Court – matters that bear directly on their authority from that court to appear in this Court in this action; (2) who authorized them to institute due process proceedings at DCPS and/or with whom they had retainer or other arrangements – also matters bearing on their status as next friend plaintiffs; (3) whether there are other Superior Court-appointed representatives for the children involved, and whether the children's guardians *ad litem* (or anyone else) authorized Mr. Houston and Ms. Douglas Dalton to appear as next friend plaintiffs in this action; (4) the reasons why they were substituted as next friend plaintiffs for the earlier (improper) designation of CFSA; (5) whether they have requested reimbursement for the services they are claiming here from the Superior Court, and, whether payments have been received.

All of these areas of inquiry, requiring the testimony of Mr. Houston and Ms. Douglas Dalton, are necessary and legitimate, do not run to "the nature and value of legal services rendered, and preclude current counsel and their firm from appearing both as attorneys and plaintiffs.

>    **D. Section 1415 (i) (3) of the IDEA only grants prevailing party parents <u>the right to receive attorney's fees.</u>**

Section 1415 (i) (3) of the IDEA, that section of the law which authorizes receipt of attorney's fees, provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorney's fees as part of the costs <u>to the parents</u> of a child with a disability who is the prevailing party." (Emphasis added) Other parts of section 1415 which describe the procedural rights of children with disabilities and their parents consistently refer either to the "parents", the "child" or the

"party(ies)". Nowhere is an attorney equated with a parent, a child or a party. Thus, the appropriate party to bring the lawsuit would be either the parent or the guardian *ad litem*. However, nowhere in the Amended Complaint is it stated that the law firm of Dalton, Dalton and Houston was named as the legal guardian of any of the plaintiffs they now claim they represent. The only reference to the attorneys is as being appointed by the court to represent a child as his/her "educational advocate". (Complaint at p. 20, par. 20, 32; p. 26, par. 76; p. 30, par. 104; p. 33, par. 136; pp. 34-35, par. 148; p.41, par. 200, 204; p. 42, par. 212; p. 48, par. 264).

## **CONCLUSION**

For the reasons set forth in defendants' Motion to Dismiss, including that plaintiffs have failed to state a claim pursuant to 42 U.S.C. Sec. 1983, and for the reasons set forth in this motion, specifically that the attorney/plaintiffs are improper parties to bring the instant lawsuit, defendants move this Court to grant their Motion and dismiss the Amended Complaint.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General

        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

        /s/ Maria L. Merkowitz
        MARIA L. MERKOWITZ [312967]
        Senior Assistant Attorney General
        441 4th Street, N.W.

Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625

March 10, 2006