# PLAN FOR FURNISHING REPRESENTATION IN NEGLECT PROCEEDINGS IN THE DISTRICT OF COLUMBIA

I.  INTRODUCTION

A.  <u>Purpose of Plan.</u>  This Plan provides for the furnishing of legal services to parents, children, caretakers, custodians and guardians who have been deemed eligible to be represented by counsel, pursuant to D.C. Code § 16-2304(b), in neglect proceedings. For purposes of this Plan, the term "neglect proceedings" shall include all neglect and related and consolidated proceedings and all critical stages of those proceedings.

B. <u>Supervisory Responsibility.</u>  The Joint Committee on Judicial Administration shall oversee the operation of this Plan.

II.  SUPERIOR COURT PROCEDURES

A. <u>The Appointment System.</u>

(1) Appointments under this Plan are not a matter of right and will be made from panels designated and approved by the Court with due regard for the experience and qualifications of the individual attorney.

(2) The Superior Court shall develop and maintain a central file of attorneys for appointment in proceedings covered by this Plan. The central file shall contain information concerning the education, experience and other

qualifications of attorneys who have indicated a current interest in receiving appointments in such proceedings. From the central file, the Superior Court shall maintain panels of attorneys from which appointments shall be made in such proceedings pursuant to procedures prescribed by Administrative Orders currently in effect or subsequently promulgated.

(3) The panels of attorneys developed shall be periodically reexamined to insure that the composition of such panels reflects due regard for attorneys with the highest qualifications, and that the size of such panels is consistent with the needs of the Family Court of the Superior Court.

(4) The on-going administration of the panels of attorneys created by this Plan and the appointment authority for individual cases shall be the responsibility of the Chief Judge of the Superior Court, who may delegate such administrative responsibility as he or she deems appropriate

(5) Qualified attorneys who have expressed an interest in receiving appointments to represent clients on a _pro bono_ basis may be appointed within the discretion of the Court.

B.  <u>Determination of the Need for Counsel.</u>  In all

neglect proceedings, parties are entitled to representation by counsel.  If a party appears without counsel in a neglect proceeding, and if, according to the financial eligibility standards set by the Court, the party is financially unable to obtain adequate representation, that party shall have counsel appointed by the Court pursuant to D.C. Code §16-2304(b)(1).

Counsel shall be appointed for a person other than a child's parent if that person has been designated a party, pursuant to D.C. Code §16-2304(b)(4)(B), and if, according to the financial eligibility standards set by the Court, the person is financially unable to obtain adequate representation.

A guardian *ad litem*, who is an attorney, shall be appointed for the child in every neglect proceeding, as required by D.C. Code §16-2304(b)(5). If there is a conflict between the guardian *ad litem* and the child regarding the child's best interests, and the conflict cannot be reconciled, the Court may appoint an attorney to advocate for the child.  The Court may also appoint a special education advocate to pursue the child's educational needs.  Appointment of these attorneys is not subject to financial eligibility but is subject to

compensation limitations set forth in D.C. Code §16-2326.01.

In connection with any appointment of counsel made pursuant to D.C. Code §16-2304 (b)(1) and (4), the Family Court of the Superior Court shall determine whether a person is financially unable to obtain adequate representation pursuant to Superior Court financial eligibility guidelines. All statements made by a person in such an inquiry shall be made by affidavit, in such form as the Counsel for Child Abuse and Neglect (CCAN) Office may prescribe, shall be sworn to before a judicial officer, Court clerk, deputy clerk, or notary public, and shall be retained in the Court's case file.  At any time while the person is represented by an attorney appointed pursuant to D.C. Code § 16-2304 (b)(1) and (4), the judicial officer presiding over the person's case may compare such affidavit with other statements made by the person concerning his or her financial means and may take such action, as may be appropriate under the circumstances.

If, at any time after the appointment of counsel, the Court finds that a person is financially able to obtain counsel, the Court may terminate the appointment of counsel, order that any funds available to the person be paid to the Court as provided in D.C. Code §16-2326, or

take other appropriate action.

When an attorney is first appointed in a new or ongoing case, the attorney shall be responsible for ascertaining whether CCAN has previously determined that the party is financially eligible for Court-appointed representation. When the Court has previously deemed the party to be eligible, no eligibility re-determination is necessary. When eligibility has not yet been determined, eligibility interviews must take place within 30 days of appointment unless the attorney is unable to locate his or her client or the client is unable be interviewed because of hospitalization or incarceration. In those cases the attorney is responsible for completing an absent party form. No payment shall be made to attorneys for work done later than 30 days from the date of appointment unless their clients have been interviewed and found eligible or an absent party form has been filed with the CCAN Office.

If, at any stage of the proceedings, the Court finds that a person is financially unable to pay counsel who had been retained or to obtain other counsel, the Court may appoint counsel in accordance with the procedure set forth herein. Counsel may claim compensation only for services rendered after the date of appointment.

C. <u>Appointment of Counsel.</u> Upon finding that a person

covered by this Plan is financially unable to obtain representation, the Court shall promptly appoint counsel to represent the person. Upon finding that a child is the subject of a neglect proceeding, the Court shall promptly appoint a guardian *ad litem* who is an attorney. In appointing counsel or a guardian *ad litem*, the Court shall appoint an attorney selected from the Family Court Panels, an attorney from an organization which has entered into an agreement with the Court to provide such representation, or a qualified attorney who agrees to provide *pro bono* representation and who has been approved by the presiding judge of the Family Court or the Chief Judge or his or her designee. No other attorney may be appointed except in those extraordinary circumstances in which the judge deems such appointment to be necessary because of the unique situation of the party to be represented. Such circumstances may include, but are not limited to, a party's inability to speak English and need to have a lawyer who speaks his or her native language.

No voucher may be issued, and no payment made until the judge has issued a written order setting forth in detail the extraordinary circumstances requiring such appointment. A person shall not have the right to select his or her appointed counsel.

In an exceptionally complex case, the Court may appoint two attorneys to represent a party where the Court finds that it is in the interest of justice to do so, provided that the Court issues a written order at the time of appointment setting forth in detail the exceptional circumstances requiring the appointment of two attorneys.

Appointed counsel shall represent the person throughout the proceedings unless the appointment is terminated by order of the Court before the proceedings are concluded. In cases in which an appeal is available as of right, appointed trial counsel shall advise the person of his or her right to appeal and to counsel on appeal. If requested to do so by the person, counsel shall file a timely notice of appeal and shall continue to represent the person until relieved by the Court of Appeals.

The Court shall determine whether the parties entitled to representation in any new case already have active neglect cases in the Family Court of the Superior Court. If parties have active cases, the Court shall, when appropriate, appoint the same attorneys in the new case, provided those attorneys are eligible for appointment. If an attorney to be appointed is unavailable for the initial hearing of the new case, a stand-in attorney shall represent the party at the initial hearing.

D. <u>Compensation.</u>

(1) <u>Individual payments under this Plan</u>. Payments of fees and expenses to counsel appointed under this Plan, and payments for investigative, expert and other services incurred pursuant to Section II(D)(8) hereof, *infra*, shall be made in accordance with the procedures prescribed herein and the policies in effect in the Fiscal Office of the District of Columbia Courts. Claims submitted for compensation shall be processed for payment by the Fiscal Officer and forwarded to the judicial officer for approval. The judicial officer shall review all claims, and the Fiscal Officer shall process them. All claims shall be reviewed, processed and paid within 45 days from receipt by the Fiscal Officer, unless returned by the Fiscal Officer to the claimant as incomplete or otherwise deficient.

(2) <u>Maximum fees for counsel.</u>

(a) Maximum hourly rate for counsel. The maximum hourly rate for attorneys shall be the fixed rate established by D.C Code §11-2604(a)(2001), as amended effective March 1, 2002, and as such statute may from time to time be amended.

(b) Maximum amounts for counsel. The maximum compensation to be paid to an attorney for any neglect proceeding or termination of parental rights case shall not exceed the maximum amounts established by D.C. Code §

16.2326.01(b)(2001), as amended effective March 1, 2002, and as such statute may subsequently from time to time be amended.

Representation of a person at a new trial shall be considered a separate case, and fees shall be paid on the same basis as for the original trial.

(c) Waiving maximum counsel fees. Payment in excess of the statutory maximum amount may be made for extended or complex representation whenever such payment is necessary to provide fair compensation. A request for excess compensation shall be submitted by the attorney for approval by the Chief Judge of the Superior Court upon recommendation of the presiding judge in the case.

In determining whether representation should be considered "complex or extended," the presiding judge in the case and the Chief Judge shall consider the following factors consistent with the Child Abuse and Neglect Attorney Practice Standards:

> (i) The nature and complexity of the neglect allegations, including the number and/or seriousness of the allegations, e.g., allegations of sexual abuse, serious physical abuse, death of a child or parent,

and whether criminal charges or offenses are brought against the parent or other party;

(ii) The complexity of the issues to be litigated in pre-trial motions and at trial, considering the number of potential lay and expert witnesses and whether the discovery, investigation and preparation are greater than that which are normally required;

(iii) Any difficulties presented by the mental and physical health of the child(ren) and/or parents, the availability of the parents or child(ren) for consultation, or other circumstances unique to the parents or child(ren) not normally encountered by counsel representing indigent parents, child(ren) or caretakers;

(iv) Whether unusual or complex legal, scientific, mental health, mental retardation, special education, adoption and/or other legal and child protection issues are involved in the case;

(v) The length of time the case has been pending and the length of the proceedings, including pre-trial, trial, review, and related permanency proceedings;

(vi) The number of children and their placements and the number of other parties in the matter,

(vii) The travel time and distance involved in the case (See Section II(D)(7), <u>infra</u>);

*(viii)* The number of child protection agencies and social service providers involved in the case; and

(ix) Any other facts and circumstances that reflect the unusual or extraordinary nature of the case.

The presiding judge in the case shall consider these factors, and any others that may be appropriate, and determine whether it was necessary for a competent and experienced child protection attorney to expend time over and above that compensated under the statutory maximums to represent a party effectively under the circumstances of the case. The fact that counsel expended hours above those compensated under a statutory maximum is not in itself sufficient to warrant a judicial determination that representation was extended or complex.

(3) <u>Vouchers.</u> Payment can be made upon submission of the following three types of vouchers: neglect, termination of parental rights (TPR), and related adoption proceedings. Each voucher shall contain a specific accounting for work performed in the case and shall set forth a) the dates of the work performed in chronological order, b) the nature of the work performed with descriptions in accordance with

voucher instructions, and c) all time expended to the tenth of an hour.

(4) <u>Reductions to Vouchers</u>.

(a) Reductions in the amount claimed by an attorney who has submitted a voucher may be made only if the judicial officer finds that (1) the work claimed was not performed, (2) the work claimed was not necessary, or (3) an unreasonable amount of time was spent for the work performed. An assessment of whether work was necessary should be based on the situation as it appeared at the time the work was performed and all other factors specified in Section II (D)(2)(c) <u>supra</u>.

(b) Reconsideration. Within 30 days of payment or notice of denial, an attorney may request that the judicial officer reconsider any reduction in the amount claimed. A copy of the voucher must be attached to the request for reconsideration. The judicial officer shall decide the request for reconsideration within 60 days. In the event reconsideration is denied, the judicial officer shall explain the basis for the reduction, either in writing or in person, unless the voucher is annotated, which may serve as a written explanation.

(c) Appeal. An appeal of a reduction may be made to the Chief Judge, or his or her designee (who shall not be the judicial officer associated with the case for which payment is sought) within 30 days of payment or denial of reconsideration.

(5) <u>Interim Payments</u>. In extended cases, counsel may seek interim payments of fees under such conditions and for such time periods as may be approved by the Court. In the event that the aggregate interim fees exceed the maximum fee allowed, counsel must comply with the procedures for the approval of such excess compensation under the provisions of Section II(D)(2)(c) ("Waiving Maximum Counsel Fees"), <u>supra</u>.

(6) <u>Voucher Issuance and Submission Deadlines</u>

Attorney payment vouchers shall be issued pursuant to a Court order or based on the entry of the attorney appointment into a computerized docket, subject to financial eligibility. For new cases involving siblings of children with pending cases in the Review stage or involving children assigned pursuant to the one family/one judge system a new voucher shall be issued to cover the new case from initial hearing through disposition. After disposition these new cases shall be billed on the voucher

of the pending Review case with the oldest disposition date.

Claims for compensation or reimbursement on neglect and related and consolidated cases shall be submitted as follows:

a) For work done at any time from the initial hearing through the disposition stage of the neglect case, vouchers must be submitted within 120 days after disposition.

b) For work done after the disposition in the neglect case, all vouchers for a case year must be submitted within 120 days of the case year anniversary date. Interim vouchers may be submitted at any time before that date, provided that the attorney has performed a minimum of three hours of work. (The case year anniversary date is the date, in any year post disposition, that falls on the anniversary of the disposition hearing. The case year extends from the disposition anniversary date until the day before the anniversary date the following year. Neglect cases may be billed up to the statutory limit during each case year.)

    c) For work done on termination of parental rights and adoption show cause cases, vouchers must be submitted within 120 days of the completion of representation in that case.

    d) For all cases in which representation terminates or is suspended while the case is still active, vouchers must be submitted within 120 days of the termination or suspension of representation.

If the 120th day falls on a weekend or holiday, the due date for submission of any voucher described above will be the Court day immediately following the 120th calendar day.  Exceptions to the time limitation contained in this paragraph will be considered only where it can be documented that it was impossible to file a claim because of actual physical or mental incapacity or death of the attorney furnishing the representation.  Press of business will not be grounds for exception.  Any waiver of the limitation must be recommended by the judicial officer presiding over the case and approved by the Chief Judge of the Superior Court or his or her designee.

(7) <u>Travel outside metropolitan area</u>

Attorneys who incur expenses for case-related travel beyond a sixty-mile radius from the Courthouse, without prior written approval of the Court, shall not be reimbursed for such travel expenses.

(8)  <u>Investigative, expert and other services</u>.

(a) Upon request.  The guardian *ad litem* for a child and counsel (whether or not appointed under D.C. Code §16-2304(b)) for a person who is financially unable to obtain investigative, expert or other services necessary for adequate representation may request such services in an *ex parte* application to a judicial officer.  Upon finding that the services are necessary and that the person is financially unable to obtain them, the Court shall authorize counsel to obtain such services.  The judicial officer shall establish a limit on the amount which may be expended or promised for such services within the maximum prescribed by law.  Except with regard to investigative services, any voucher for expert or other services shall be pre-approved by a judicial officer.

(b) Without prior request.  Counsel may obtain investigative services without prior authorization, subject to later review, where the total number of hours of investigative services will not exceed ten.  In appropriate

cases a sworn application may be made by counsel to the Court for the *ex parte* review by the judge and for ratification of such expenses.

(c) Quality of services. In all cases in which investigative and expert services are authorized under this Plan, counsel must obtain only qualified investigators certified by the Public Defender Service, and qualified experts.