UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA GRAY, *ex rel.,* D.E., *et al.,* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 06-144 (RMU) |

**PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

COMES NOW, the Plaintiffs, by and through counsel, and respectfully move this Court to grant a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") against the Defendant, pursuant to Fed. R. Civ. P. 65. Under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA") 20 U.S.C. §§ 1400 *et seq.* and 42 U.S.C. § 1983, the Plaintiffs seek from this Court immediate relief in the form of a TRO and/or PI requiring the Defendant to freeze and not spend $1,000,000.00 (one million dollars) of surplus funds and / or profits from District of Columbia properties sold until this case is resolved.

DATE: March 10, 2006

Respectfully submitted,
Counsel for Plaintiffs

_____/s/_____
Paul S. Dalton, Esq. (Bar. No. 439118)
DALTON, DALTON & HOUSTON, P.C.

_____/s/_____
Ellen Douglass Dalton, Esq. (Bar. No. 411612)
DALTON, DALTON & HOUSTON, P.C.

                                                                      _____/s/_____
William E. Houston, Esq. (Bar. No. 450223)
DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300
(703)-739-2323 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA GRAY, *ex rel.,* D.E., *et al.,*   )<br>                                                                  )<br>          Plaintiffs,                                    )<br>                                                                  )<br>          v.                                                     )<br>                                                                  )<br>DISTRICT OF COLUMBIA,                     )<br>                                                                  )<br>          Defendant.                                   )<br>_____)   | Civil Action No.  06-144 (RMU) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

COMES NOW, the Plaintiffs, by and through counsel, and respectfully move this Court to grant a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") against the Defendant, pursuant to Fed. R. Civ. P. 65.  Under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA") 20 U.S.C. §§ 1400 *et seq*. and 42 U.S.C. § 1983, the Plaintiffs seek from this Court immediate relief in the form of a TRO and/or PI requiring the Defendant to freeze and not spend $1,000,000.00 (one million dollars) of surplus funds and / or profits from District of Columbia properties sold until this case is resolved.

**BACKGROUND**

The Plaintiffs consist of both parents who sought legal counsel for assistance with the special education needs of their children, and children who are wards of the District of Columbia. The undersigned attorneys and other members of their firm were appointed by the District of Columbia Superior Court to act as the educational advocate, or guardian for educational purposes, for the Plaintiffs who are wards of the District of Columbia.

The Plaintiffs commenced this action due to unpaid attorneys' fees by the District of Columbia Public Schools ("DCPS"). All of the Plaintiffs named filed for a due process hearing based on violations by DCPS of the IDEA. Each of the Plaintiffs were the prevailing parties at the due process hearing, and, as such, sought payment of attorneys' fees, pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(B). Plaintiffs submitted invoices to DCPS for payment of attorneys' fees.

Section 327 of the District of Columbia Appropriations Act of 2005 ("Section 327" or "cap") caps the amount of attorneys' fees that the District of Columbia can pay out of the 2005 appropriated funds at $4,000.00. Some invoices were paid in full, and those invoices are not the subject of the instant lawsuit. Some invoices were not paid at all, even up to the $4,000.00 cap, and those invoices are the subject of a related lawsuit. *See Bowman v. District of Columbia*, Civil Action No. 06-0016 (RMU). Other invoices were only paid up to the $4,000.00 cap. Considering the significant expense that it takes to bring a case to an IDEA due process hearing and prevail, the Plaintiffs filed the instant suit to recover the fees over the $4,000.00 cap and to challenge the validity of Section 327.

The fee cap contained in Section 327 specifically limits "the funds contained in this Act," which is the District of Columbia Appropriations Act of 2005. 108 Pub. L. 335. Thus, the Section 327 fee cap provision only applies to *appropriated funds*. The fee cap limits the amount the District of Columbia can *pay* out of its appropriated funds for payment of attorneys' fees in IDEA cases. Section 327 does not limit the amount of attorneys' fees that courts can award.[1]

---

[1] "[T]he D.C. Circuit has held that courts can still award attorneys' fees above the statutory cap despite DCPS's lack of authority to pay them." *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 23 (D.D.C. 2004) (citing *Calloway v. District of Columbia*, 216 F.3d 1, 9 (D.C. Cir. 2000).

Furthermore, Section 327 does not limit payment of attorneys' fees from sources other than appropriated funds. Thus, the Plaintiffs brought the instant suit to challenge the cap and to seek an order from this Court requiring the District of Columbia to pay attorneys' fees over the $4,000.00 cap out of funds available that are not appropriated and / or profits from District of Columbia properties sold.

It is the understanding of Plaintiffs' counsel that the District of Columbia has non-appropriated funds available in its surplus and in profits gained from properties and buildings sold. (*See* Pl.'s Ex. 1.) Plaintiffs' counsel is currently awaiting the results of Freedom of Information Act ("FOIA") requests regarding the amount of non-appropriated funds available through surplus and profits from sold properties. (*See* Pl.'s Ex. 2.) Thus, the Plaintiffs seek a TRO and / or PI requiring the Defendant to freeze $1,000,000.00 (one million dollars) of non-appropriated funds and / or profits from District of Columbia properties sold until the current suit is resolved.

## ARGUMENT

Fed. R. Civ. P. 65 governs the entry of a TRO or PI. In order to obtain a TRO / PI, the Plaintiffs must establish: (1) substantial likelihood of success on the merits; (2) irreparable harm to the plaintiff; (3) that injunctive relief will not substantially harm the other party; and (4) that public interest favors the injunction. *See Serono Lab. v. Shalala*, 158 F.3d 1313, 1317-1318 (D.C. Cir. 1998). "These factors interrelate on a sliding scale and must be balanced against each other." *Independence Fed. Sav. Bank v. Bender*, 332 F. Supp. 2d 203, 210 (D.D.C. 2004) (citing *Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 360-61 (D.C. Cir. 1999)). The four factors for granting a TRO / PI weigh in the Plaintiffs' favor.

### A.     Substantial Likelihood of Success on the Merits

Plaintiffs's instant action is two-fold. The Plaintiffs first assert a Constitutional challenge to the Section 327 fee cap. The Plaintiffs also assert an IDEA violation and a Section 1983 claim stemming from the unpaid fees as laid out in the Amended Complaint. The Plaintiffs further seek this Court to require the District of Columbia to pay attorneys' fees over the $4,000.00 cap out of non-appropriated funds. Thus, even if the Court determines that Section 327 is not unconstitutional, the Plaintiffs can still prevail.

There is a substantial likelihood that Plaintiffs will be successful on the merits of their IDEA claim and Section 1983 claim. "As in any Section 1983 action brought against a municipality, the burden is on the plaintiffs in this case to establish that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations." *Walker v. District of Columbia,* 969 F. Supp. 794, 797 (D.D.C. 1997) (citing *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978)). The Plaintiffs' Amended Complaint sets out a custom or practice behind the IDEA violations that are the basis of the Section 1983 claim, non-payment of attorneys fees to prevailing parties at IDEA hearings. The DCPS custom or practice is evident by the facts in the Amended Complaint that layout over 200 paragraphs of a custom or practice of non-payment of attorneys fees over $4,000.00 and non-recognition that DCPS owes this money to the Plaintiffs, regardless of the ability to actually pay. Thus, there is a substantial likelihood that the Plaintiffs will prevail on the merits.

### B.   Irreparable Harm Suffered by the Plaintiffs

Plaintiffs will suffer irreparable harm if the Court does not grant the injunction or TRO. The pattern of non-payment of attorneys' fees over the cap and non-recognition of owing the fees over the cap is evident in the Amended Complaint. As noted above, there is a substantial likelihood that the Plaintiffs' will prevail on the merits and that the Court will award the fees owed to the Plaintiffs. However, if the Court does not grant this TRO and enjoin the Defendant from spending some of its non-appropriated funds, the Defendant will have the opportunity to spend or otherwise disperse of the non-appropriated funds before this case is resolved. (*See* Pl.'s Ex. 3)  If the Court does not grant the TRO, the non-appropriated funds may be gone or unavailable by the time the Court concludes the pending case. This will cause irreparable harm to the Plaintiffs, because they will be unable to recover the substantial amount of fees owed to them and sought in this case.

### C.   Injunctive Relief Will Not Substantially Harm the Defendant

If the Court grants the TRO and enjoins the Defendant from spending or otherwise dispersing of $1,000,000.00 (one million dollars) of non-appropriated funds, it will not substantially harm the Defendant. Although the District of Columbia needs funding to operate on a daily basis, that funding is appropriated and as such cannot be touched. The District of Columbia has a surplus approximately $400 million. (*See* Pl.'s Ex. 1.) Thus, putting a freeze on only $1 million of the surplus until this case is resolved will not substantially harm the Defendant.

### D.  Public Interest Favors the Injunction

The public interest favors the children of the District of Columbia receiving a free appropriate public education, as required under the IDEA.  In some instances, attorneys must get involved to assist with IDEA violations and due process hearings to ensure that the children are receiving the appropriate services in the appropriate placement.  Some parents, however, cannot afford attorneys' fees and thus they depend on attorneys who take cases on a contingency basis or they rely on being reimbursed if they win.  When these attorneys prevail at hearing, the Court is permitted to award them attorneys' fees, pursuant 20 U.S.C. § 1415(i)(3).  Thus, it is in the public interest to freeze some of the District of Columbia's non-appropriated funds and / or profits from District of Columbia properties sold, so that the fees which are the subject of this lawsuit can be paid if the Plaintiffs' prevail.

### CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request this honorable Court to enter a TRO and / or PI enjoining Defendants from spending $1,000.000.00 (one million dollars) of non-appropriated funds and / or profits from District of Columbia properties sold until this case is resolved.

DATE: March10, 2006                             Respectfully submitted,
                                                Counsel for Plaintiffs

                                                _____/s/_____
                                                Paul S. Dalton, Esq. (Bar. No. 439118)
                                                DALTON, DALTON & HOUSTON, P.C.

                                                                                         /s/
                                    Ellen Douglass Dalton, Esq. (Bar. No. 411612)
                                    DALTON, DALTON & HOUSTON, P.C.


                                                                   /s/
                                  William E. Houston, Esq. (Bar. No. 450223)
                                  DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300
(703)-739-2323 (fax)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this10th day of March, 2006.

> _____/s/_____
> PAUL S. DALTON, Esq.
> Counsel for the Plaintiffs