UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA GRAY, *ex rel.,* D.E., *et al.,*     )
                                             )
      Plaintiffs,                            )
                                             )
v.                                           )     Civil Action No.  06-144 (RMU)
                                             )
DISTRICT OF COLUMBIA,                        )
                                             )
      Defendant.                             )
_____)

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
THE AMENDED COMPLAINT**

COMES NOW, the Plaintiffs, by and through counsel, and respectfully moves this Court to deny the Defendant's Motion to Dismiss.

## BACKGROUND

The Plaintiffs consist of both parents who sought legal counsel for assistance with the special education needs of their children, and children who are wards of the District of Columbia.  The undersigned attorneys and other members of the attorneys' firm were appointed by the District of Columbia Superior Court to act as the educational advocate, or guardian for purposes of education, for the Plaintiffs who are wards of the District of Columbia.

The Plaintiffs commenced this action due to unpaid attorneys' fees by the District of Columbia Public Schools ("DCPS").  All of the Plaintiffs named filed for a due process hearing based on violations by DCPS of the Individuals with Disabilities Education Act ("IDEA").  20 U.S.C. § 1400 *et seq.*  Each of the Plaintiffs were the prevailing parties at the due process hearing, and, as such, sought payment of attorneys' fees, pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(B).  Invoices were submitted to DCPS for payment of the Plaintiffs' attorneys' fees.

Section 327 of the District of Columbia Appropriations Act of 2005 ("Section 327" or "cap") caps the amount of attorneys' fees that the District of Columbia can pay at $4,000.00. Some invoices were not paid at all and some invoices were partially paid but not up to the $4,000.00 cap; those invoices are the subject of a related lawsuit. *See Bowman v. District of Columbia*, Civil Action No. 06-0016 (RMU). Other invoices were not paid over the $4,000.00 cap. Considering the significant expense that it takes to bring a case to an IDEA due process hearing and prevail, the instant suit was filed to recover the fees over the $4,000.00 cap[1] and to challenge the validity of the Section 327.

On February 23, 2006, the Plaintiffs filed an Amended Complaint removing CFSA as a party; however, before the Amended Complaint was entered into the electronic filing system, the Defendant's filed a Motion to Dismiss the original Complaint. The Plaintiffs filed an Opposition to the Defendant's Motion to Dismiss on March 7, 2006. On March 10, 2006, the Defendant filed a Motion to Dismiss the Amended Complaint, incorporating arguments from its original Motion to Dismiss. Here, the Plaintiffs file their Opposition to the Defendant's Motion to Dismiss the Amended Complaint and incorporate by reference the arguments proffered in their Opposition filed on March 7, 2006. The Plaintiffs further respond to the Defendant's new arguments below and request that the Court deny the Defendant's Motion to Dismiss the Amended Complaint.

---

[1]   The following are examples of the fees sought in the instant case: In the case of T.E., an invoice was submitted to DCPS for $6,175.00. DCPS paid $3,850.00. The $150.00 difference between the $4,000.00 cap and what DCPS paid is being sought in the related case *Bowman v. District of Columbia*, Civil Action No. 06-0016 (RMU). (*See Bowman* Amended Complaint ¶¶ 40-43.) The amount owed over the $4,000.00 cap, $2,175.00, is being sought in the instant case. (*See* Amended Complaint ¶¶ 280-283.) Another example is the case of L.W., where an invoice was submitted to DCPS for $5,550.00. DCPS paid $4,000.00. The amount owed over the $4,000.00 cap, $1,550.00, is being sought in the instant suit. (*See* Amended Complaint ¶¶ 28-31.)

# ARGUMENT

I. **Defendant's Arguments Regarding CFSA are Moot, Because CFSA is No Longer a Party to this Action.**

The Defendant's arguments regarding CFSA as a party are now moot, because an Amended Complaint was filed on February 23, 2006 removing CFSA as a party. Pursuant to Fed. R. Civ. P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." The Plaintiffs' Amended Complaint was filed before any responsive pleading was filed by the Defendant. Plaintiffs' counsel did not include CFSA as a party with the intention of filing an unauthorized claim on CFSA's behalf. Rather, the Plaintiffs' counsel originally included CFSA as a party, because CFSA is the legal guardian of the minor Plaintiffs who are wards of the District of Columbia. Counsel could not file on behalf of the wards *alone*, because they are minors. After filing the original Complaint, however, Plaintiffs' counsel realized that a conflict existed and diligently filed an Amended Complaint removing CFSA as a party. Since Plaintiffs' counsel represents the minors who are wards of the District of Columbia in their capacity as the court appointed educational advocates, the Amended Complaint lists the educational advocates as Plaintiffs filing on behalf of the minor wards. The Court Orders appointing the Plaintiffs as the *guardians* for educational purposes are attached. (*See* Pls.' Ex. 1.)[2]

---

[2] Plaintiffs were unable to obtain a copy of the educational advocate appointment Order regarding P.T. before filing this opposition. Plaintiffs will file a memorandum with the appointment order as soon as we obtain a copy from Superior Court.

**II.     The Substitution of Plaintiffs' Counsel for CFSA is Not Improper and the
         Doctrine of Estoppel Bars Such Argument.**

The Amended Complaint, filed on February 23, 2006, removed CFSA as a party and substituted the court appointed educational advocates on behalf of the minor Plaintiffs who are wards of the District of Columbia.  Plaintiffs' counsel could not file in the name of the wards *alone*, because they are minors.  Thus, counsel named the court appointed educational advocates as the next friends of the minor wards.  The Court Orders appointing the educational advocates are attached.  (*See* Pls.' Ex. 1.)

The Defendant argues that it is unclear whether the educational advocates can appear in court on behalf of the wards or have the authority to file due process hearing complaints under IDEA.  The Court Orders state that the educational advocates are appointed as "Guardian, Limited for Educational Purposes" and are authorized to perform whatever duties are necessary to determine the student's educational needs and ensure proper placement.  This language in the Court Orders covers the authority of the educational advocate to file a due process hearing and later seek payment of attorneys' fees from DCPS.

Pursuant to IDEA § 1415(b)(2), DCPS is required to appoint a surrogate for wards of the District of Columbia.  DCPS, however, does not have a system in place to appoint surrogates for wards.  Therefore, the courts have taken on this task of appointing surrogates, or guardians for educational purposes.  The guardian *ad litem* does not play a parental role in terms of the ward's education.  The court appoints the educational advocates, or guardians for educational purposes, to ensure that the educational needs of the student are met.  The educational advocate, not the guardian *ad litem*, is the person who files the due process complaint on behalf of the student, and thus the educational advocate is the proper person to seek attorneys' fees when they are the

prevailing party. The court appointed the educational advocates with the understanding that the attorney would seek fees from DCPS and not the Superior Court under the complex litigation exception to the guardian *ad litem* fee rules. (*See* Def.'s Ex. 1: Plan § II(D)(2)(c), *see also* Plf's Ex. 1.) The educational advocates are not seeking plaintiff status, but rather are filing this claim on behalf of the minor wards as the court appointed guardians for educational purposes.

      The doctrine of estoppel bars the Defendant from arguing that the educational advocates cannot bring IDEA claims and seek attorneys' fees, because such argument directly contradicts the actions of the Defendant in the past. For years, members of the undersigned counsels' firm have acted as court appointed educational advocates in bringing IDEA due process complaints against DCPS. The Defendant has never argued that the court appointed educational advocates do not have the authority to bring such claims. Furthermore, when invoices for attorneys' fees have been submitted to DCPS for payment by court appointed educational advocates who were prevailing at a due process hearing, DCPS has never refused payment based on the Defendant's current argument that it is improper. In fact, DCPS has submitted partial payment on these invoices, as evidenced in the Plaintiffs' Amended Complaint. (*See* Amended Complaint ¶¶ 24-27, 32-35, 76-79, 96-99, 104-107, 136-139, 148-151, 184-187, 200-207, 212-215, 264-267.) The Plaintiffs' now seek the remainder of the attorneys' fees owed to them over the $4,000.00 cap.

**III.     The Exceptions to Rule 3.7 of the District of Columbia Rules of Professional Conduct apply to the instant case.**

The attorneys' roles as both Plaintiffs and counsel in the instant case does not violate Rule 3.7 of the District of Columbia Rules of Professional Conduct. In fact, the roles of the attorneys in the instant case fall under two exceptions to Rule 3.7. Rule 3.7 states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>    (1) The testimony relates to an uncontested issue;
>    (2) The testimony relates to the nature and value of legal services rendered in the case; or
>    (3) Disqualification of the lawyer would work substantial hardship on the client.
> (b) A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if the other lawyer would be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9.

In the present case, the attorneys' fees owed to the Plaintiffs is an uncontested issue under exception (1) above. The Defendant has not contested the fact that these fees were earned by prevailing parties, submitted to DCPS for payment, and have not been paid in full. Additionally, if it is necessary for the attorneys to be witnesses if this case proceeds to trial, their testimony would relate to the "nature and value of legal services rendered" as outlined in exception (2) above. Any questioning of these attorneys regarding the court appointments, authorization to bring due process complaints, or invoices submitted for attorneys' fees is directly related to the "nature and value of the legal services rendered." Furthermore, "Rule [3.7] clearly applies to trial counsel, but it does not by its terms disqualify members of a potential lawyer-witness's firm from representing the client through pretrial motions." *Canfield v. Stone*, 1993 U.S. Dist. LEXIS 15491, *3 (D.D.C. 1993). Therefore, the attorneys are not disqualified under Rule 3.7, and even

if this Court determines that they are, the attorneys are permitted to proceed with pretrial motions. Furthermore, if Mr. Houston and Mrs. Dalton are needed as witnesses, they can withdraw as counsel on this case and let Mr. Dalton proceed with the trial portion of the case. Mr. Dalton would not be precluded from continuing as counsel during the trial portion, because, pursuant to Rule 3.7(b) above, Mr. Houston and Mrs. Dalton would not be precluded from acting as advocates in the trial by Rule 1.7 or Rule 1.9. Rules 1.7 and 1.9 lay out the conflict of interest standard, and in this case, no conflict of interest exists.

IV. **Section 1415(i)(3)(B) Grants the Prevailing Parties the Right to Seek Attorneys' Fees.**

Section 1415(i)(3)(B)(1) permits the courts to award attorneys' fees to "a prevailing party who is the parent of a child with a disability." The IDEA defines "parent" as:

> (A) a natural, adoptive, or foster parent of a child (unless a foster parent is prohibited by State law from serving as a parent);
> (B) a guardian (but not the State if the child is a ward of the State);
> (C) an individual acting in the place of a natural or adoptive parent (including a grandparent, stepparent, or other relative) with whom the child lives, or an individual who is legally responsible for the child's welfare; or
> (D) except as used in sections 615(b)(2) and 639(a)(5), an individual assigned under either of those sections to be a surrogate parent.

20 U.S.C. § 1401(23). The court appointed educational advocates are guardians for educational purposes. Thus, the attorneys acting as educational advocates meet the definition of "parent" under IDEA and can appropriately seek attorneys' fees when they are the prevailing party of a due process complaint.

The Defendant might make the argument that the educational advocates cannot seek attorneys' fees because attorney-parents, that is parents who are attorneys, are not permitted to seek an award of attorneys' fees when they represent their own child in a due process hearing. The Plaintiffs' case, however, is not that of an attorney-parent representing his/her own child at an IDEA hearing. The case law that Plaintiffs have found deals only with biological parents, and not surrogates or court-appointed guardians. According to case law, the reasoning behind not awarding attorneys' fees to attorney-parents is to encourage parents to seek independent, emotionally detached counsel, because there is great danger for inadequate representation when an emotionally charged parent represents his/ her minor child. *See, e.g., Doe v. Bd. of Ed.*, 165 F.3d 260 (4th Cir. 1998); *Woodside v. Sch. Dist. of Phila. Bd. of Educ.,* 248 F.3d 129 (3d Cir. 2001). Given this line of reasoning, the court appoints the educational advocates due to their expertise in special education litigation. The Defendant seems to be trying to pigeon-hole the Plaintiffs into one of two categories: either (1) the educational advocates are not guardians and thus cannot bring due process complaints on behalf of the minor wards, or (2) the educational advocates are considered attorney-parents and thus cannot seek attorneys' fees. The Plaintiffs, however, do not fall into either of these categories and are the proper party to bring these claims.

## CONCLUSION

For the reasons set forth above and in the Plaintiffs' Opposition filed on March 7, 2006 and the Defendant's failure to prove that no set of facts exist that would justify relief, the Plaintiffs' claims should not be dismissed. Thus, Plaintiffs request that this Court deny the Defendant's Motion to Dismiss the Amended Complaint.

DATE: March 20, 2006

                          Respectfully submitted,
                          Counsel for Plaintiffs

                          _____/s/_____
                          Paul S. Dalton, Esq. (Bar. No. 439118)
                          DALTON, DALTON & HOUSTON, P.C.

                          _____/s/_____
                          Ellen Douglass Dalton, Esq. (Bar. No. 411612)
                          DALTON, DALTON & HOUSTON, P.C.

                          _____/s/_____
                          William E. Houston, Esq. (Bar. No. 450223)
                          DALTON, DALTON & HOUSTON, P.C.

                          1008 Pendleton Street
                          Alexandria, VA 22314
                          (703) 739-4300
                          (703)-739-2323 (fax)


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically,

on this 20th day of March, 2006.


                    _____/s/_____
                    WILLIAM E. HOUSTON, Esq.
                    Counsel for the Plaintiffs