UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA GRAY, *ex rel.,* D.E., *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-144 (RMU) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

COMES NOW, the Plaintiffs, by and through counsel, and respectfully move this Court to grant a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") against the Defendant, pursuant to Fed. R. Civ. P. 65.

The Plaintiffs commenced this action due to unpaid attorneys' fees by the District of Columbia Public Schools ("DCPS"). Each of the Plaintiffs were the prevailing parties at the due process hearing, and, as such, sought payment of attorneys' fees, pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(B). Some invoices were only paid up to the $4,000.00 cap. Considering the significant expense that it takes to bring a case to an IDEA due process hearing and prevail, the Plaintiffs filed the instant suit to recover the fees over the $4,000.00 cap and to challenge the validity of Section 327. The Plaintiffs seek a TRO and / or PI requiring the Defendant to freeze $1,000,000.00 (one million dollars) of funds from the budget surplus and / or profits from District of Columbia properties sold until the current suit is resolved.

## **PLAINTIFFS ARE ENTITLED TO THE RELIEF REQUESTED.**

In its opposition, the Defendant primarily argues that no funds can be expended by the District of Columbia unless they have been appropriated. As discussed below, such an argument only supports Plaintiffs likelihood of success in the current action.

### A.    Substantial Likelihood of Success on the Merits

There is a substantial likelihood that Plaintiffs will be successful on the merits of their IDEA claim and Section 1983 claim. The Plaintiffs' Amended Complaint sets out a custom or practice behind the IDEA violations that are the basis of the Section 1983 claim, non-payment of attorneys fees to prevailing parties at IDEA hearings. In its opposition the defendant does not address DCPS's failure to determine the amount of attorney's fees awarded to each case where the plaintiff prevailed. In fact, given the practices discussed *Bowman v. District of Columbia*, Civil Action No. 06-0016, DCPS consistently fails to pay attorney's fees up to the $4,000.00 cap, much less award fees over the cap. Because DCPS fails to even acknowledge the fee requests by the plaintiffs which exceed $4,000.00, plaintiffs have shown a custom or practice behind the IDEA violations that are the basis of the Section 1983 claim. Thus, there is a substantial likelihood that the Plaintiffs will prevail on the merits.

Throughout its entire opposition, the defendant uses the Anti-Deficiency Act as a shield from addressing the merits of the current action. It continuously argues that it does not have the ability to pay above $4,000.00 in attorney's fees. Such an argument only supports the likelihood that Plaintiffs will be successful on the merits of their claim that the fee cap is unconstitutional. In *Calloway v. D.C.*, the Court addressed the constitutionality of the fee cap with respect to the

Court's ability to award fees over the fee cap. 216 F.3d 1, 10 (D.C. Cir. 2000). The Court relied on Congress to address the incongruity of courts possessing the ability to award fees over $4,000.00, while restricting the District of Columbia's ability to pay over $4,000.00 in attorney's fees. The Court reasoned that such an incongruity did not make the cap unconstitutional in that Congress has the ability to restrict courts ability to award attorney's fees above $4,000.00. In reauthorizing the IDEA in 2004, however, Congress failed to resolve the continuing incongruity. Congress recognized that the cap exists; however, Congress did not attempt to reconcile the conflict. *See* 20 U.S.C. § 1415(i)(3)(B)(ii).

Such a failure forces the plaintiffs' to seek a review of how the cap can exist when the courts have the ability to award fees above $4,000.00. Defendant's argument that all funds spent by the District of Columbia must be appropriated only exacerbates the problem stemming from this incongruity and supports the likelihood of the plaintiffs succeeding on this claim.

    **B.**    **Irreparable Harm Suffered by the Plaintiffs**

Plaintiffs will suffer irreparable harm if the Court does not grant the injunction or TRO. The defendant has never argued that the fees requested in this complaint are unreasonable. Consequently, it is unlikely that these fees would not be awarded. These fees, however, are not simply monetary relief because of the fee cap. If this case simply regarded the reasonableness of the fees requested, then one could argue that the plaintiffs were only requesting monetary relief. This case, however, addresses the ability of the District of Columbia to pay those fees given the fee cap. Plaintiffs, therefore, request that the funds be frozen until to the Court determines whether are not the fee cap and the IDEA can coexist. If the Court does not grant the TRO, the funds in the budget surplus may have been previously appropriated or unavailable by the time

the Court concludes the pending case. This will cause irreparable harm to the Plaintiffs, because if they prevail on the merits they will be left in the same position as they are in now, with the District of Columbia arguing it has no ability to pay judgments.

### C.   Injunctive Relief Will Not Substantially Harm the Defendant

If the Court grants the TRO and enjoins the Defendant from spending or otherwise dispersing of $1,000,000.00 (one million dollars) of non-appropriated funds, it will not substantially harm the Defendant. The government's argument that enjoining the defendant from spending 0.25% of the estimated surplus would impair budge management is exaggerated. DCPS has never cited budgetary issues as the reason for non-payment of attorney's fees, either above the cap or under the cap. To date, the estimated $400 million surplus has not been appropriated, thus, putting a freeze on only $1 million of the surplus until this case is resolved will not substantially harm the Defendant.

### D.   Public Interest Favors the Injunction

The plaintiffs are requesting that less than 1% of the surplus be held until the conclusion of this case. The public interest favors the children of the District of Columbia receiving a free appropriate public education, as required under the IDEA. In some instances, attorneys must get involved to assist with IDEA violations and due process hearings to ensure that the children are receiving the appropriate services in the appropriate placement. Given that the plaintiffs were the prevailing parties in all of the cases that are part of this suit, it is clear attorneys are needed to ensure that the students in the District of Columbia receive a free, appropriate public education. Plaintiffs, therefore, believe it is in the public interest to freeze a tiny percentage of the District of Columbia's surplus and / or profits from District of Columbia properties sold, so that the fees

which are the subject of this lawsuit can be paid if the Plaintiffs' prevail.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request this honorable Court to enter a TRO and / or PI enjoining Defendants from spending $1,000.000.00 (one million dollars) of funds in the current budget surplus and / or profits from District of Columbia properties sold until this case is resolved.

DATE: May 2, 2006                           Respectfully submitted,
                                            Counsel for Plaintiffs

                                            _____/s/_____
                                            Paul S. Dalton, Esq. (Bar. No. 439118)
                                            DALTON, DALTON & HOUSTON, P.C.

                                            _____/s/_____
                                            Ellen Douglass Dalton, Esq. (Bar. No. 411612)
                                            DALTON, DALTON & HOUSTON, P.C.


                                            _____/s/_____
                                            William E. Houston, Esq. (Bar. No. 450223)
                                            DALTON, DALTON & HOUSTON, P.C.

                                            1008 Pendleton Street
                                            Alexandria, VA 22314
                                            (703) 739-4300
                                            (703)-739-2323 (fax)