UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BARBARA GRAY *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 06-0144 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 3, 6 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTIONS TO DISMISS

**I.  INTRODUCTION**

The plaintiffs, minor children and their parents, guardians and court-appointed educational advocates, bring this action to collect attorneys' fees and other costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* and 42 U.S.C. § 1983 ("§ 1983").  The plaintiffs seek to recover attorneys' fees and costs in excess of the $4,000 District of Columbia Appropriations Act fee cap.  Pending before the court are the defendant's two motions to dismiss.  The defendant argues that the plaintiffs have failed to state a claim under the IDEA and § 1983.[1]  As the plaintiffs fail to allege that the defendant has a custom, policy, or practice of violating the IDEA, the plaintiffs have failed to state a claim under the IDEA and § 1983.  Accordingly, the court grants the defendant's motion to dismiss the complaint.

---

[1] The defendant also argues that the court-appointed educational advocates are improper parties.  Because the plaintiffs have failed to state a claim, the court does not reach the argument.

## II. BACKGROUND

### A. Factual Background

The plaintiffs are 64[2] minor children and their parents, guardians and court-appointed educational advocates. Eleven of the 64 children plaintiffs are wards of the District of Columbia. Am. Compl. ¶¶ 24, 32, 76, 96, 104, 136, 148, 200, 204, 212, 264. The eleven wards of the District of Columbia are represented by court-appointed educational advocates William Houston and Ellen Douglas Dalton.[3] *Id.* According to the caption in the complaint, the court-appointed advocates bring the instant suit as next friends.

All of the plaintiffs filed requests for administrative due process hearings[4] to challenge actions taken by the District of Columbia Public Schools ("DCPS"). Am. Compl. ¶¶ 4, 8, 12, 16, 20, 24, 28, 32, 36, 40, 44, 48, 52, 56, 60, 64, 68, 73, 76, 80, 84, 88, 92, 96, 100, 104, 108, 112, 116, 120, 124, 128, 132, 136, 140, 144, 148, 152, 156, 160, 164, 168, 172, 176, 180, 184, 188, 192, 196, 200, 204, 208, 212, 216, 220, 224, 228, 232, 236, 240, 244, 248, 252, 256, 260, 264, 268, 272, 276, 280. The plaintiffs allege that they were prevailing parties against DCPS in the due process hearings. *Id.* As such, they submitted petitions for attorneys' fees to DCPS. *Id.* ¶¶

---

[2] Although the amended complaint lists 65 children plaintiffs, the plaintiffs' counsels' use of the word processors' copy/paste feature appears to have gotten the best of them, as the claims for plaintiff J.H. appear twice. *Compare* Am. Compl. ¶¶ 216 - 219 *with* Am. Compl. ¶¶ 220- 223.

[3] William Houston and Ellen Douglas Dalton, both attorneys, were appointed as "Counsel for Educational Purposes" by the Family Division of the Superior Court of the District of Columbia. Pls.' Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss Am. Compl. ("Pls.' Second Opp'n"), Ex. 1; Praecipe (May 25, 2006).

[4] The "IDEA guarantees parents of disabled children an opportunity to participate in the identification, evaluation, or educational placement of their children." *Calloway v. District of Columbia*, 216 F.3d 1, 3 (D.C. Cir. 2000). Parents who disagree with the identification, evaluation, or educational placement of their children may request an administrative "impartial due process hearing." 20 U.S.C. § 1415(f).

5, 9, 13, 17, 21, 25, 29, 33, 37, 41, 45, 49, 53, 57, 61, 65, 69, 74, 77, 81, 85, 89, 93, 97, 101, 105, 109, 113, 117, 121, 125, 129, 133, 137, 141, 145, 149, 153, 157, 161, 165, 169, 173, 177, 181, 185, 189, 193, 197, 201, 205, 209, 213, 217, 221, 225, 229, 233, 237, 241, 245, 249, 253, 257, 261, 265, 269, 273, 277, 281.  The attorneys' fees petitions each sought reimbursement of fees and costs in excess of $4,000.  *Id.*

Section 327 of the District of Columbia Appropriations Act of 2005 caps the District of Columbia's payment of IDEA attorneys' fees at $4,000 per action.  Pub. L. No. 108-335, 118 Stat. 1322 (2004).  The plaintiffs bring the instant suit to recover attorneys' fees in excess of the $4,000 statutory cap.[5]  *Id.*, Prayer for Relief.  In total, the plaintiffs seek $199,198.74 in unpaid attorneys' fees and costs.  *Id.*  The plaintiffs bring their claims pursuant to the IDEA and § 1983.  *Id.* ¶ 1.  The amended complaint also sets forth constitutional claims.  Prayer for Relief ¶¶ A, C, and D.

## B. Procedural Background

The plaintiffs filed an amended two-count complaint on February 23, 2006.  The first count of the amended complaint states that "an incongruity continues to exist between Section 327 of the District of Columbia Appropriations Act of 2005 and the provision of the IDEA that permits [c]ourts to award attorney's fees" and that "[c]ourts cannot leave it up to Congress to resolve this issue."  Am. Compl. ¶ 287.  The second count of the amended complaint alleges that

---

[5]  Despite the statutory cap on attorneys' fees, DCPS has paid more than $4,000 in attorneys fees to plaintiffs D.E., K.B., D.D., E.S., H.F., T.H., D.E., J.H., S.E, I.B., J.F., N.H., and T.S. Am. Compl. ¶¶ 6, 122, 126, 154, 166, 178, 182, 210, 218, 234, 242, 246, 250, 262.  The court presumes that the payments in excess of the $4,000 fee cap represent costs.  *Jester v. District of Columbia*, 474 F.3d 820,822 (D.C. Cir. 2007) (stating that because the fee cap only applies to attorney's fees, any payment in excess of $4,000 "presumably represent[s] costs").  With respect to plaintiffs R.G., L.D., V.H., T.P., D.L., and T.E., however, DCPS has not paid up to the $4,000 cap.  *Id.* ¶¶ 15, 19, 71, 99, 158, 187, 282.

the attorneys' fees "cap effectively limits the access of the District of Columbia's poor families to quality legal representation, which impairs their due process protections under the IDEA." *Id.* ¶ 288.

The defendant filed two motions to dismiss: the first motion attacks the legal sufficiency of the first complaint and the second motion attacks the legal sufficiency of the amended complaint.[6] The second motion incorporates the first motion by reference. The court now turns to the defendant's motions.

### III.  ANALYSIS

#### A.  Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of

---

[6] The original complaint listed the District of Columbia's Child and Family Services Agency ("CFSA") as the next friends of the wards of the District of Columbia. The amended complaint instead lists two attorneys as the wards' next friends, presumably because the "CFSA is not provided with the authority to either complain or defend in its own name in a court of competent jurisdiction." Def.'s Mot. to Dismiss Compl. ("Def.'s First Mot.") at 6.

his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### B. The Court Grants the Motion to Dismiss the Constitutional Claims

The plaintiffs argue that the fee cap is constitutionally unsound. Pls.' Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss ("Pls.' First Opp'n") at 7. Count 2 of the complaint alleges that the "cap effectively limits the access of the District of Columbia's poor families to quality legal representation, which impairs their due process protections." Am. Compl. ¶ 289. The plaintiffs ask the court to conclude that the attorneys' fees cap is "an impermissible violation of a [c]ourt's right under Article III to provide an effective remedy." Am. Compl., Prayer for Relief ¶ C. But, this Circuit has already held both that the fee cap does not violate due process and that it does not constitute an impermissible limit on the court's authority to award fees. *Calloway v. District*

*of Columbia*, 216 F.3d 1, 9 (D.C. Cir. 2000); *see also Jester v. District of Columbia*, --- F.3d ----, 2007 WL 148830, at *2 (D.C. Cir. Jan. 23, 2007) (vacating a district court order requiring the District of Columbia to pay attorney's fees in excess of $4,000 and stating that "[i]n *Calloway v. District of Columbia* . . . we held that the district court may award the full amount of attorney's fees, but the District cannot pay a fee award beyond the limit set by the cap"); *Harris v. McRae*, 448 U.S. 297, 323 (1980) (stating that "poverty, standing alone is not a suspect classification"); *Tucker v. Branker*, 142 F.3d 1294, 1300 (D.C. Cir. 1998) (same). Because this Circuit has already rejected the same constitutional claims that the plaintiffs raise here, the court grants the defendant's motions to dismiss the constitutional claims.

### C. The Court Grants the Motion to Dismiss the IDEA and § 1983 Claims

The plaintiffs argue that DCPS' failure to pay fees in excess of the $4,000 cap violates the IDEA and § 1983. Pls.' First Opp'n. at 4. The defendant argues that the plaintiffs have not met their burden of establishing that the defendant, a municipality, has a custom or practice of violating the plaintiffs' rights. Def.'s Mot. to Dismiss Compl. ("Def.'s First Mot.") at 4.

To determine municipal liability under § 1983, the district court must conduct a two-step inquiry. *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). First, the court determines whether the plaintiff establishes a predicate constitutional or statutory violation. *Id.*; *see also Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991). If so, the court then determines whether the complaint states a claim that a custom or policy of the municipality caused the violation. *Id.*; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Having concluded, *supra*, that the plaintiffs fail to establish a constitutional violation, the court also concludes that the plaintiffs fail to establish a predicate statutory violation. First, the complaint cannot possibly be read to allege that the defendant has violated the Appropriations

6

Act because the plaintiffs' entire case is based on the theory that the District of Columbia is only paying attorneys' fees up to the statutory maximum. Pls.' First Opp'n at 2. In other words, rather than violating a statutory command, the District of Columbia is abiding by the Congressional mandates set out in the Appropriations Act.[7]

Second, the complaint also cannot be read as alleging that the defendant has violated the IDEA. Although not expressly stated in their opposition brief, the plaintiffs implicitly argue that the defendant's failure to pay attorneys' fees awards in excess of $4,000 violates the IDEA's attorneys' fees provisions. Specifically, the plaintiffs argue (without citing any supporting authority) that because the fee cap provision "only applies to appropriated funds," the defendant is required to pay "attorneys' fees from sources other than appropriated funds." Pls.' First Opp'n at 5. The District of Columbia Appropriations Act states that "[n]one of the funds contained in this Act may be made available to pay" IDEA attorney's fees in excess of $4,000. Thus, the plaintiffs request that the court order the defendant to pay fees in excess of the cap out of funds available that are not appropriated. *Id.*

Contrary to the plaintiffs' unstated assumption that the defendant may spend money not budgeted in the Appropriations Act, any spending done by the District of Columbia must be approved by Congressional appropriation. D.C. Code § 1-204.46 (stating that "no amount may be obligated or expended by any officer or employee of the District of Columbia government unless such amount has been approved by Act of Congress, and then only according to such Act"); 31 U.S.C. § 1341(a)(1) (prohibiting District of Columbia government officials from

---

[7] The court further notes that, contrary to the plaintiffs' assertion that the "[c]ourts cannot leave it up to Congress" to resolve the "incongruity that exists between [the Appropriations Act] and the IDEA," Am. Compl. ¶ 287, "reconciling inharmonious statutory directives is Congress' responsibility, not courts.'" *Calloway*, 216 F.3d at 10.

making or authorizing payments in excess of available appropriations or in advance of appropriations).

Moreover, the complaint alleges only that the plaintiffs submitted attorneys' fees requests to the defendant. But, only the court (and not the defendant) may award the plaintiffs reasonable attorneys' fees. 20 U.S.C. § 1415(i)(3)(B) (stating that the *court* may award reasonable attorneys' fees in any district court proceeding to enforce IDEA rights) (emphasis added). The complaint, in other words, fails to allege that the defendant is violating the plaintiffs' IDEA rights because the court has not awarded them attorneys' fees.[8] Because the plaintiffs have not established a predicate constitutional or statutory violation, the court grants the motions to dismiss the IDEA and § 1983 claims.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendant's motions to dismiss. An order consistent with this Memorandum Opinion is issued this 12th day of March, 2007.

RICARDO M. URBINA
United States District Judge

---

[8] The court also notes that the plaintiffs' law firm has joined 64 separate and distinct attorneys' fees actions in one suit. Although "[m]isjoinder of parties is not ground for dismissal of an action," FED. R. CIV. P. 21 and although it does not affect the court's analysis on the defendant's motions, the plaintiffs' claims do not appear at first blush to meet the requirements governing permissive joinder, FED. R. CIV. P. 20. Because the defendant has not moved for severance, however, the court does not reach the issue. *See Hussain v. TCF Bank*, 2004 WL 1470282 (N.D. Ill. June 30, 2004).